FILED
2017 Oct-13  PM 03:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| BRANDY C. MALONE, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CASE NO.: _____ |
| | ) |
| PAUL A. RAINOSEK, and | ) |
| GENERAL STANDARDS | ) |
| CORPORATION, | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

### JURISDICTION

1.     This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-2000e-17, and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Supplemental jurisdiction of this Court over Plaintiff's state law claims is also involved.

2.     This Court maintains subject matter jurisdiction under 28 U.S.C. 1331, and 28 U.S.C. § 1343, *et seq.*

3.     The unlawful employment practices alleged herein have been committed within the Northern District of Alabama.

4.     Plaintiff, Brandy C. Malone, is a female citizen of the United States of America, who at all times relevant hereto, resided in the Northern District of Alabama.

5.     Defendant, Paul A. Rainosek ("Rainosek") is male citizen of the United States of America, who at all times relevant hereto, resided in the Northern District of Alabama.

6.     Defendant, General Standards Corporation ("GSC"), is a domestic corporation formed under the laws of the State of Alabama, with its principal place of business located at 8302A Whitesburg Drive, Huntsville, Alabama 35802, doing business within the Northern District of Alabama, and is an employer engaged in an industry affecting commerce and otherwise meeting the definitional requirements of 42 U.S.C. § 2000e.

## CONDITIONS PRECEDENT

1.     Plaintiff timely filed a Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") on July 22, 2016. The Charge is attached hereto and identified as "Exhibit A."

2.     The Charge alleged discrimination on the basis of Plaintiff's sex, including sexual harassment by Rainosek and retaliation against Plaintiff by Defendants.

3.     This action is being instituted within ninety (90) days of Plaintiff's receipt of said Notice of Right to Sue letter, which is attached hereto and identified as "Exhibit B."

## FACTS

4.     Rainosek incorporated GSC in 1991 under the laws of the State of Alabama.

5.      GSC develops and manufactures specialized hardware and software for electronic components and systems.

6.      Rainosek has served as the President of GSC since its incorporation, including at all times relevant to the allegations set forth herein.

7.      Rainosek is an employee of GSC.

8.      GSC hired Plaintiff as Rainosek's "administrative assistant" in August, 2011.

9.      Rainosek was Plaintiff's direct supervisor at all times during her employment.

10.     Rainosek repeatedly sexually harassed, assaulted, and retaliated against Plaintiff throughout her employment with GSC.

11.     Plaintiff's performance as an "administrative assistant" was satisfactory throughout her employment with GSC.

12.     During Plaintiff's employment, including occasions within 180 days prior to July 22, 2016, Rainosek purposely and egregiously touched, harassed, and intimidated Plaintiff in ways which violated her body, privacy, and dignity.

13.     Rainosek was often times intoxicated at work, which amplified the severity of his unwarranted and unwelcome sexually offensive conduct towards Plaintiff.

14.     Plaintiff was repeatedly subjected to unwarranted and unwelcome sexually offensive conduct, including, but not limited to, physical contact, harassing language, and offensive gestures.

15.     On January 14, 2016, Rainosek asked Plaintiff if he could come into her office and watch her breastfeed.

16.     On February 12, 2016, Rainosek made sexually offensive comments regarding Plaintiff's wardrobe and undergarments.

17.     GSC encouraged its employees to bring their children to work; however, when Plaintiff brought her daughters to work, Rainosek made unwarranted and unwelcome sexually offensive comments, including, but not limited to, asking the children to call him "daddy."

18.     Rainosek responded to Plaintiff's attempts to rebuff his unwarranted and unwelcome sexually offensive conduct by intimidating and threatening Plaintiff's employment and safety.

19.     Rainosek repeatedly threatened to terminate Plaintiff in attempts to coerce Plaintiff's agreement with his unwarranted and unwelcome sexually offensive conduct, including, but not limited to, asking Plaintiff to "love him" and to "suck on tits."

20.     On March 25, 2016, Rainosek conditioned Plaintiff's Easter bonus pay on Plaintiff subjecting herself to Rainosek's unwarranted and unwelcome sexually offensive conduct, including, but not limited to, asking Plaintiff to "hug" him and licking/sucking on Plaintiff's ear.

21.     On June 6, 2016, Rainosek grabbed Plaintiff with both hands, stating that she "better not walk way" from him again.

22.     On numerous occasions, Rainosek sent sexually explicit photos to GSC printers and copy machines for all employees and visitors to see.

23.     Rainosek's unwarranted and unwelcome sexually offensive conduct was perpetrated within the line and scope of his employment with GSC.

24.     Plaintiff repeatedly complained about Rainosek's unwarranted and unwelcome sexually offensive conduct to co-workers, namely, Barbara Doucette, Rhonda Honea, and Melinda Forsythe.

25.     Despite Plaintiff's complaints to co-workers, GSC took no effective corrective action regarding Rainosek's unwarranted and unwelcome sexually offensive conduct.

26.      Rainosek's unwarranted and unwelcome sexually offensive conduct persisted after Plaintiff's complaints.

27.     Numerous management level GSC employees were aware, or should have been aware, that Rainosek continuously subjected Plaintiff to unwarranted and unwelcome sexually offensive conduct.

28.     GSC failed to take prompt and effective remedial measures to ensure that Rainosek's unwarranted and unwelcome sexually offensive conduct ceased.

29.     In response to Plaintiff's complaints, Rainosek threatened Plaintiff's life and safety, stating that his son, Bradley Rainosek, was a trained killer who carried a pistol at all times.

30.     On June 13, 2016, in a meeting with Rainosek, Sam Springer, Bradley Rainosek, and Melinda Forsythe, GSC terminated Plaintiff's employment.

31.     Plaintiff declined Rainosek's offer for increased severance pay to "keep her mouth shut" during the June 13, 2016, termination meeting.

32.     GSC failed to maintain a meaningful sexual harassment policy and failed to protect Plaintiff from Rainosek's sexual harassment and assault, even after it became aware of said conduct.

**COUNT I**
**SEXUAL HARASSMENT**
**UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

33.     Plaintiff adopts and realleges the allegations contained in Paragraphs 1 through 32.

34.     Defendants' actions and omissions constituted discrimination against Plaintiff in terms, conditions, and privileges of employment on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e, *et seq*.

35.     Defendants' actions and omissions constituted discriminatory treatment of Plaintiff, which was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and created an abusive and hostile working environment. Plaintiff's employment and created an abusive and hostile working environment. Defendants' actions and omissions constituted discriminatory treatment of Plaintiff, which was sufficiently severe or pervasive to

36.     As a proximate consequence of the illegal conduct of Defendants, Plaintiff suffered lost wages, lost benefits, lost emoluments of employment, embarrassment, humiliation, anxiety, and concern.

37.     As a result, Plaintiff is entitled to an award of back pay, front pay, benefits, consequential, and compensatory damages against Defendants.

38.     Defendants' illegal conduct was intentional, willful, wanton, and/or in reckless disregard of her federally protected civil rights or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of punitive damages in an amount to be determined by a jury.

### COUNT II
### ASSAULT AND BATTERY

39.     Plaintiff adopts and realleges the allegations contained in Paragraphs 1 through 38.

40.     During Plaintiff's employment with GSC, Rainosek, acting in his capacity as an agent, officer, and employee of GSC, wrongfully brought about harmful and offensive contact to Plaintiff's person.

41.     On one or more occasions, Plaintiff complained to GSC management level employees regarding Rainosek's harmful and offensive contact to Plaintiff's person.

42.     However, after being informed on the same, GSC took no action to effectively terminate or correct Rainosek's illegal conduct and failed to take effective remedial measures to ensure that said offensive behavior ceased.

43.     As a direct and proximate result Rainosek's illegal conduct, Plaintiff suffered lost income, lost benefits, physical and mental anguish, and severe emotional distress.

## COUNT III
## RETALIATION

44.    Plaintiff adopts and realleges the allegations contained in Paragraphs 1 through 43.

45.    Defendants' actions and omissions constituted discrimination against Plaintiff in terms, conditions, and privileges of employment on the basis of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e, *et seq.*

46.    Defendants' actions against Plaintiff—including, but not limited to, threatening her, terminating her, and denying her opportunities for employment on the basis of her having complained of sexual harassment—constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 20002, *et seq.*

47.    As a proximate consequence of the illegal conduct of the Defendants, Plaintiff suffered lost wages, lost benefits, lost emoluments of employment, embarrassment, humiliation, anxiety, and concern, so that she is entitled to an award of back pay, front pay, benefits, consequential, and compensatory damages against Defendants.

48.    Defendants' illegal conduct was intentional, willful, wanton, and/or in reckless disregard of her federally protected civil rights or otherwise improper and egregious to a degree that it would require or otherwise substantiate the allowance of punitive damages in an amount to be determined by a jury.

49.     Plaintiff now suffering, and will continue to suffer irreparable injury and monetary damages as a result of the retaliatory practices of Defendants unless and until this Court grants relief, including actual, compensatory, and punitive damages in an amount to be determined by a jury.

50.     As a direct and/or proximate result of the assault to which she was subjected, Plaintiff suffered physical pain, intense emotional distress, embarrassment, humiliation, anxiety, and concern, for which she is entitled to recover from the defendants actual, compensatory, and consequential damages.

51.     Defendants' conduct was intentional, willful, wanton, and/or sufficiently egregious and improper to a degree that it would require or otherwise substantiate the allowance of punitive damages in an amount to be determined by a jury.

## COUNT IV
## NEGLIGENT/WANTON SUPERVISION

52.     Plaintiff adopts and realleges the allegations contained in Paragraphs 1 through 51.

53.     GSC failed to properly supervise Rainosek, who was incompetent in that he committed the wrongful acts referred to herein in the line and scope of his employment, or otherwise ratified said wrongful acts of Rainosek.

54.     GSC had a duty to reasonably supervise its employees, including Rainosek, and to take appropriate action to maintain a work place that was free of repeated instances of assault and battery, sexual harassment, and invasion of privacy

55.     GSC breached that duty and took no effective remedial action to prevent the egregious acts of Rainosek and that Defendants' constituted negligent supervision.

56.     As a direct and/or proximate result of GSC's negligent/wanton supervision, Plaintiff was injured and damaged in that she lost wages and suffered emotional distress, embarrassment and humiliation, and anxiety and concern for which she is entitled to recover from Defendants actual compensatory and consequential damages.

57.     Defendants was intentional, willful, wanton, and/or sufficiently egregious and improper to a degree that it would require or otherwise substantiate the allowance of punitive damages in an amount to be determined by a jury.

<u>COUNT V</u>
<u>OUTRAGE</u>

58.     Plaintiff adopts and realleges the allegations contained in Paragraphs 1 through 57.

59.     Rainosek intended to inflict emotional distress upon Plaintiff in subjecting her to his unwarranted and unwelcome sexually offensive conduct.

60.     Rainosek should have known that his unwarranted and unwelcome sexually offensive conduct would have inflicted emotional distress upon Plaintiff.

61.     Rainosek's unwarranted and unwelcome sexually offensive conduct against Plaintiff was extreme.

62.     Rainosek's unwarranted and unwelcome sexually offensive conduct was outrageous.

63.     Rainosek's unwarranted and unwelcome sexually offensive conduct against Plaintiff directly and proximately caused Plaintiff distress.

64.     Rainosek's unwarranted and unwelcome sexually offensive conduct was so outrageous in character, and so extreme in degree, that it crossed all possible bounds of decency.

65.     Rainosek's unwarranted and unwelcome sexually offensive conduct amounted to atrocious an utterly intolerable conduct to be accepted in a civilized society.

66.      Rainosek's conduct was outrageous and sufficiently egregious and improper to a degree that it would require or substantiate the allowance of actual, consequential, compensatory, and punitive damages in an amount to be determined by a jury.

## COUNT VI
## NEGLIGENT/WANTON HIRING AND RETENTION

67.     Plaintiff adopts and realleges the allegations contained in Paragraphs 1 through 66.

68.     During the period of the Plaintiff's employment, GSC negligently/wantonly retained Rainosek, who, while acting in the line and scope of his employment, committed the wrongful acts identified herein.

69.     GSC had a duty to investigate Rainosek's conduct, and, upon receiving actual/or constructive notice of his incompetency, failed to terminate his employment.

70.    GSC breached its duty owed to Plaintiff in that it failed to appropriately investigate Rainosek's conduct, as an appropriate investigation would have revealed Rainosek's unsuitableness to serve as President and supervisor over Plaintiff.

71.    As a direct and proximate result, GSC's failure to appropriately investigate Rainosek, Plaintiff has suffered a loss of income and benefits, employment opportunities, as well as mental and physical anguish and sever emotional distress.

72.    GSC invited Plaintiff to its premises and, with respect to Plaintiff and others, GSC was under a duty to use due care to avoid the retention of employees, including Rainosek, who it knew were persons unworthy, by habits, temperament, or nature, to deal with the persons invited to the premises by the employer, including Plaintiff.

73.    GSC breached said duty in continuing the employment of Rainosek.

74.    GSC failed to exercise reasonable care in retaining Rainosek proximately causing Plaintiff to be injured and damaged in that she lost wages, suffered emotional distress, embarrassment and humiliation, and anxiety and concern.

75.    GSC's conduct was intentional, willful, wanton, and/or sufficiently egregious and improper to a degree that it would require or substantiate the allowance of actual, consequential, compensatory, and punitive damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays that this Court:

a.      declare the conduct engaged in by Defendants to be in violation of Plaintiff's rights;

b.      enjoin Defendants from engaging in such conduct;

c.      order that Defendants provide employment to Plaintiff, free and clear of sexual discrimination and retaliation;

d.      award Plaintiff compensatory damages against Defendants that will fully compensate her for mental distress, anguish, pain, suffering and concern that she has suffered as a direct and/or proximate result of the statutory and common law violations of Defendants as set out herein;

e.      enter a judgment against Defendants for such punitive damages as will properly punish Defendants for the statutory and common law violations perpetrated upon Plaintiff as alleged herein, in an amount that will serve as a deterrent to Defendants and others from engaging in similar conduct in the future;

f.      award Plaintiff her costs, disbursements, and attorney's fees;

g.      assume continuing and indefinite jurisdiction in order to ensure compliance with the terms of the orders requested herein; and

h.      grant such further and other legal and equitable relief as it may deem just and proper.

WHEREFORE, Plaintiff prays that judgment be entered against Defendants for compensatory and punitive damages, costs of this action, and such other legal and equitable relief as the Court deems necessary and proper.

Rebekah Keith McKinney (ASB-3137-T64J)
Attorney for Plaintiff
WATSON MCKINNEY LLP
200 Clinton Avenue, Suite 110
Huntsville, Alabama 35801
Tel: (256) 536-7423
Fax: (256) 536-2689
mckinney@watsonmckinney.com

David Hodge (ASB-4617-I71H)
Attorney for Plaintiff
MORRIS KING & HODGE, P.C.
200 Pratt Avenue NE
Huntsville, Alabama 35801
Tel: (256) 536-0588
Fax: (256) 533-1504
dhodge@mkhlawyers.com

## JURY DEMAND

Plaintiff demands trial by jury.

Rebekah Keith McKinney

## ADDRESSES OF THE PARTIES:

Plaintiff's Address

Brandy Malone
142 Hillside Rd.
Huntsville, Alabama 35811

Defendants' Addresses:

Paul A. Rainosek
2004 Danbury Circle
Huntsville, Alabama 35803

General Standards Corporation
ATTN: Paul A. Rainosek
Registered Agent
2004 Danbury Circle
Huntsville, Alabama 35803